STATE OF WEST VIRGINIA

FILED

March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES HAUGHT,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0804**  (BOR Appeal No. 2046889)
             (Claim No. 2012010276)

**VICTORY OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

**AND**

**VICTORY OF WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 13-0323**  (BOR Appeal No. 2047789)
             (Claim No. 2012010276)

**JAMES HAUGHT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

These consolidated appeals arise out of two Orders by the Workers' Compensation Board of Review concerning the compensability of an injury sustained by James Haught on September 16, 2011.[1]

In Case Number 12-0804, Mr. Haught, by J. Thomas Greene Jr., his attorney, appeals the Board of Review's Final Order dated June 6, 2012, in which the Board remanded a January 27, 2012, Order of the Workers' Compensation Office of Judges for further development of the evidentiary record. In its Order, the Office of Judges reversed the claims administrator's October 3, 2011, decision rejecting Mr. Haught's claim for workers' compensation benefits. In Case

---

[1] Pursuant to an Order entered on December 17, 2013, this Court has consolidated Case Numbers 12-0804 and 13-0323 for purposes of consideration and decision. We find that Mr. Haught's appeal in Case Number 12-0804, which is an appeal filed from the June 6, 2012, Order of the Board of Review remanding the claim for further development of the evidentiary record, has been rendered moot by the filing of Case Number 13-0323.

Number 13-0323, Victory of West Virginia, Inc., by Michael Watson, its attorney, appeals the Board of Review's Final Order dated March 21, 2013, in which the Board affirmed an October 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the January 27, 2012, Order of the Office of Judges holding the claim compensable, and also affirmed an April 30, 2012, Order of the Office of Judges which affirmed the prior holding concerning compensability. In its Order, the Office of Judges also reversed the claims administrator's October 3, 2011, decision rejecting the claim, and reversed the claims administrator's February 21, 2012, decision refusing payment for treatment for all conditions other than cervical strain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 16, 2011, Mr. Haught experienced sharp pain in his neck while using a sledgehammer to build a truss during the construction of a mining conveyor belt. On September 17, 2011, he indicated to his supervisor that he was unable to work due to stiffness in his neck. Later that evening, he sought treatment at Monongalia General Hospital where he reported experiencing radiating neck pain with no injury. He was diagnosed with a cervical sprain and discharged. On September 19, 2011, Mr. Haught was transported via ambulance to Ruby Memorial Hospital with weakness in all extremities. A cervical spine MRI performed shortly after Mr. Haught's arrival at Ruby Memorial Hospital revealed extensive traumatic injury involving the paraspinous soft tissues with ligamentous signal change at C3-7, bone marrow edema at C4-5, and cord signal changes behind C5-7 consistent with traumatic injury to the cord. On September 20, 2011, Terrence Julien, M.D., performed a cervical discectomy and C5-7 fusion. A September 26, 2011, cervical spine MRI revealed an epidural abscess and Dr. Julien performed a C3-T1 decompression with a washout of the abscess. Following an extended hospitalization, Mr. Haught was discharged to an extended care facility.

On October 3, 2011, the claims administrator denied Mr. Haught's application for workers' compensation benefits based on a finding that no medical evidence has been received which supports a finding that a work-related illness, injury, or disability occurred. On December 16, 2011, John Talbott, M.D., performed a records review and found that no injury occurred in the course of Mr. Haught's employment that would explain the severe and widespread acute trauma described in the September 19, 2011, MRI report. On December 19, 2011, Russell Biundo, M.D., one of Mr. Haught's treating physicians, stated that Mr. Haught is a quadriplegic and that it is very clear that the mechanism that gave rise to Mr. Haught's current condition started when he developed neck pain after swinging a sledgehammer at work. He further stated that the temporal relationship of the onset of Mr. Haught's pain and the development of a neurological deficit seems to coincide perfectly with the mechanism of injury, namely extreme loading of the cervical spine resulting in spinal cord injury. In a letter dated January 11, 2012,

2

Dr. Julien noted that Mr. Haught remained a complete quadriplegic with a permanent injury. He further stated that the injury Mr. Haught incurred while swinging a sledgehammer is the causative incident that initiated the series of events leading to Mr. Haught's quadriplegia. On March 16, 2012, Paul Bachwitt, M.D., performed a records review and found that there is no possibility that Mr. Haught's work activities could have caused him to become a quadriplegic. He also noted that the September 19, 2011, MRI report revealed the presence of an extensive traumatic injury and concluded that it is not possible to obtain this degree of trauma by utilizing a small sledgehammer.

In an April 9, 2012, deposition, Dr. Biundo stated that Mr. Haught's medical records show that his problems began following the sledgehammer incident at work. He further testified that he is unaware of the existence of any intervening incident between the time that Mr. Haught reported pain after using a sledgehammer and the onset of his quadriplegia. In a deposition on April 10, 2012, Dr. Julien stated that he can only assume that Mr. Haught's quadriplegia was caused by the sledgehammer incident based on the fact that there is no history of trauma, neck hyperextension, neck hyperflexion, or anything else that would have resulted in Mr. Haught's current condition. On a July 17, 2012, deposition, Dr. Bachwitt reiterated his conclusion that Mr. Haught's paralysis was unrelated to the sledgehammering incident. Dr. Talbott was deposed on July 23, 2012, and also reiterated his conclusion that sledgehammering would not cause the type of injury sustained by Mr. Haught.

In its October 19, 2012, Order reversing the claims administrator's October 3, 2011, and February 21, 2012, decisions and simultaneously affirming January 27, 2012, and April 30, 2012, Orders of the Office of Judges, the Office of Judges held that Mr. Haught sustained an injury in the course of and resulting from his employment on September 16, 2011, and is entitled to workers' compensation benefits, including treatment that is medically related and reasonably required. The Office of Judges further held the claim compensable for neck strain, cervical stenosis, and quadriplegia at C5-7. Mr. Haught asserts that the evidence of record demonstrates that he sustained a compensable injury in the course of his employment on September 16, 2011. Victory of West Virginia asserts that the evidence of record fails to establish that Mr. Haught was injured in the course of and resulting from his employment on September 16, 2011.

The Office of Judges found that Dr. Julien is in the best position to assess the cause of Mr. Haught's paralysis as his treating neurosurgeon. The Office of Judges took note of Dr. Julien's conclusion that the sledgehammering incident is the only plausible explanation for Mr. Haught's paralysis. The Office of Judges further found that Mr. Haught has specifically described experiencing an isolated, fortuitous event resulting in a personal injury. Finally, the Office of Judges concluded that Mr. Haught's current paralysis can be fully traced back to his employment as its proximate cause. The Board of Review reached the same reasoned conclusions in its decision of March 21, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4